25943. McCARTY *v.* McCARTY.

DECIDED MARCH 5, 1937.

*S. W. Fariss,* for plaintiff in error. *Rosser & Shaw,* contra.

STEPHENS, P. J. 1. Where a plaintiff alleged that he had been indebted to the defendant as evidenced by certain described promissory notes, and that after having made various payments to the defendant at various times on the indebtedness the plaintiff had by mistake overpaid the indebtedness and is suing the defendant to recover the balance thus overpaid, and where the defendant, by way of set-off or counter-claim, alleged an indebtedness against the plaintiff as evidenced by notes executed by the plaintiff to the defendant and not referred to in the plaintiff's petition, but where the evidence adduced on the trial was sufficient to authorize a finding that the plaintiff had paid to the defendant sums more than enough to discharge the indebtedness represented by all the notes, including those referred to in the plaintiff's petition as well as those pleaded by the defendant in the set-off or counter-claim, a charge by the court to the jury that the defendant sets up certain notes "from which the plaintiff seeks relief and release," that the plaintiff is indebted to the defendant in the sum of these several notes, and this is the issue that the jury is to determine, is not subject to the objection that the court erroneously instructed the jury that the plaintiff was relieved of the notes relied on by the defendant in the set-off and counter-claim, on the ground that the plaintiff sought no relief and release from these notes. The plaintiff, in suing to recover the amount alleged to have been overpaid by him on the entire indebtedness represented by all the notes, was, to the extent of his attempt to show that he had paid the notes, seeking a relief and release from all the notes.

2. Where on the trial of such a case the court charged the jury that the admission of the plaintiff of the execution of the notes made a prima facie case for the defendant, "entitling him to

recover in this case the amounts represented by these notes, unless he can show, by a preponderance of the evidence, that a mistake was made, and that in fact he did not owe the amounts represented by these notes at the time he signed the same," that "he assumes that burden of showing this, and having assumed it he must carry it in this case," that "unless he carries it by a preponderance of the evidence, then this defendant is entitled to recover the amounts represented by these several notes, principal and interest," the charge was not subject to the objection that it was error in that it instructed the jury that the burden of proof was on the defendant to show by a preponderance of the evidence that a mistake was made, and that the plaintiff was relieved from the burden of showing by a preponderance of the evidence that a mistake was made and he did not owe the amounts represented by the notes. While at one place in the charge the court in the use of the pronoun "he," as indicating the person on whom the burden of proof rested, seems to have referred to the defendant, the charge in going on to state that "he" assumes the burden of showing that "he" did not owe the amounts represented by the notes at the time "he" signed the notes, and that unless "he" carries this burden by a preponderance of the evidence the defendant is entitled to recover the amounts represented by the several notes, clearly instructed the jury that the burden of proof was on the plaintiff to show by a preponderance of the evidence that a mistake had been made in payments on the notes, and that the plaintiff did not owe the amounts represented by the notes, and the charge was not subject to the objection that it misled and confused the jury into believing that this burden was not on the plaintiff, but that the burden was on the defendant to show that a mistake had been made in the payments which the plaintiff had made on the notes. Especially was this charge not error calculated to instruct the jury that the burden of proof did not rest on the plaintiff but rested on the defendant, where the court, immediately following in the charge, expressly stated to the jury that the plaintiff contends that the defendant "is indebted to him on account of over-payment and the burden is on him to carry that by a preponderance of the evidence."

3. Under the respective contentions of the parties, the defendant was either indebted to the plaintiff in some sum as an

overpayment by the plaintiff on the notes due by the plaintiff to the defendant, or the plaintiff was indebted to the defendant in some sum on the notes executed by the plaintiff to the defendant; and the jury having found that the defendant was indebted to the plaintiff in some sum, although the verdict in the sum found may be excessive and in an amount beyond that authorized by the evidence, it does not appear that had the court charged the jury that under the evidence they could find a verdict for the defendant, without finding for the defendant against the plaintiff in any amount, the jury might have found such verdict for the defendant. Therefore where the court charged that the jury in arriving at a verdict should find for the plaintiff so many dollars, or for the defendant so many dollars, it was not error prejudicial to the defendant for the court to fail to charge the jury that they would be authorized to bring in a verdict for the defendant without finding for the defendant against the plaintiff in any sum whatsoever.

4. The evidence was conflicting as to what payments, if any, had been made by the plaintiff to the defendant, and there was an inference that the plaintiff had by mistake overpaid the defendant more than the plaintiff owed the defendant under all the notes signed and executed by the plaintiff to the defendant, in an amount found by the jury, less the amount which the counsel for plaintiff concedes is excessive.

5. The judgment is affirmed, with direction that the verdict for the plaintiff in the sum of $256.52 be reduced by the sum of $29.53 which counsel for the plaintiff concedes is excessive. The verdict should read, "for the plaintiff in the amount of $226.99, with interest from date of verdict, viz., November 11, 1935."

*Judgment affirmed, with direction. Sutton and Felton, JJ., concur.*